**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:26-CV-423-JHM**

**ERIC GANT**                                                                                      **PLAINTIFF**

**v.**

**TEX ROAD HOUSE CORP.**                                                                **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Eric Gant filed the instant *pro se* action.  A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

**I.**

Plaintiff claims to have made himself the King of the State of Michigan, the United States, and the world, also known as the Kingdom of Euphoria.  Plaintiff alleges that the institution of his new government empowers the King to "create laws and regulations as well as implement policy."

Pursuant to the "Euphoria Doctrine," Plaintiff alleges that he (the King) has enacted a measure that "Every Wednesday day shall be the meal of the week.  This meal is a meal that can be obtained at any restaurant of the individual's choosing and shall never exceed $70 at resale value, nor exceed 1200 calories.  The King's Fund shall pay for all people to have such luxury." Plaintiff's complaint details the parameters of the meal of the week, including record keeping, reimbursement, noncompliance, and other matters.

Plaintiff's complaint states that Defendant Tex Road House Corp. has not made Wednesday meals of the week available to the public in accordance with the King's law and with the "Standard Policies of the Kingdom of Euphoria."

As relief, Plaintiff seeks $10,000 for the alleged violation.  He cites "the King's law . . . or 28 U.S.C. 1331" as bases for jurisdiction.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  The party that seeks to invoke a federal district

court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331.  The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys.*, 287 F.3d 568, 573 (6th Cir. 2002).  Plaintiff cites no facts to support a claim for the violation of his constitutional rights or any other federal cause of action.  Therefore, the complaint fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction.  For a federal court to have diversity-of-citizenship jurisdiction pursuant to § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The caption of the complaint lists "Tex Road House Corp." as a defendant in this case with an address in Louisville, Kentucky.  Elsewhere in the complaint, Plaintiff states that "both parties are located in Michigan which gives the court jurisdiction as we both domicile here, rather for business or living."  Upon review, the Court finds that the complaint fails to state sufficient facts to support diversity jurisdiction.

Finally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of

merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 WL 3079879 at *1 (E.D. Tenn. Nov. 4, 2004)). Upon review, the Court concludes that the complaint meets the standard for dismissal under Fed. R. Civ. P. 12(b)(1), as well.

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:    June 4, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.015

4